IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM ALLEN ROSS, | § | |
| (TDCJ No. 632031) | § | |
| VS. | § | CIVIL ACTION NO.4:10-CV-663-Y |
| | § | |
| | § | |
| CLINT COLE, et al | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff William Allen Ross's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Ross, an inmate at the Texas Department of Criminal Justice's Jim Rudd unit, filed a form civil-rights complaint with attachment pages seeking relief under 42 U.S.C. § 1983. He names as defendants Clint Cole, identified as a Texas state trooper; James E. Morgan, judge, 220th Judicial District Court, Comanche County, Texas; and B.J. Shepherd, district attorney, Comanche County, Texas. (Compl. Style; § IV(B).) Ross raises several challenges to the actions associated with his arrest by Cole and subsequent conviction in the 220th Judicial District Court for driving while intoxicated.[1] He contends that he was the subject of a false arrest report, that evidence was destroyed, and that he was convicted because the arresting trooper committed aggravated perjury. (Compl.; attachment page 1.) Ross seeks monetary damages for being "incarcerated illegally." (Compl. § VI.)

---

[1] Ross has separately filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the conviction, also pending before this Court as *Ross v. Thaler,* 4:10-CV-897-Y. The state court records made a part of that proceeding show that Ross was convicted in case number CCCR-08-03103 in the 220th Judicial District Court of driving while intoxicated on April 1, 2009, and sentenced to two years' confinement. *Ex parte Ross,* No. 74,831-01, Supplemental Record at 5. The Court takes judicial notice of the records of this Court in case number 4:10-CV-897-Y.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.² Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.³ Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.⁴ Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.⁵ Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."⁶

The Court concludes that Ross's claims are not cognizable under 42 U.S.C. § 1983. In *Heck v. Humphrey*,⁷ the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983

---

²*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

³*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

⁴*See* 28 U.S.C.A. § 1915A(a)(West 2006).

⁵*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

⁶*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

⁷512 U.S. 477, 486-87 (1994).

and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[8] Ross has sent the Court a letter asking whether this proceeding is "Heck barred." Because Ross's claims challenge his conviction, and he has not shown that the conviction has been reversed or set aside in any of the manners listed, his claims for damages under 42 U.S.C. § 1983 are not cognizable under *Heck v. Humphrey*.[9]

The Court notes that in case number 4:10-CV-897-Y, the respondent has moved to dismiss the pending petition under 28 U.S.C. § 2254 because Ross has, with time credits, discharged the two-year sentence imposed for the instant driving-while-intoxicated conviction.[10] Even assuming Ross is no longer incarcerated on the driving while intoxicated sentence, "the Fifth Circuit has held that the *Heck* bar is still applicable in cases where a litigant has

---

[8] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[9] *See Olivarez v. Petter,* 169 Fed. Appx. 247, 2006 WL 468301, at *1 (5th Cir. Feb. 23, 2006)(prisoner's claims under § 1983 that his conviction resulted from the perjury of defendant were premature and, under *Heck*, not cognizable); *Dufrene v. Brazoria County District Attorney Office,* 146 Fed. Appx. 715, 2005 WL 1953907, at *1 (5th Cir. Aug. 16, 2005)(inmate plaintiff's claim for monetary damages based upon the destruction of evidence would implicitly question the validity of his conviction); *Jones v. Miles,* 2000 WL 1672797, at *1 (5th Cir. Oct. 17, 2000)(claim that inmate was convicted of prison disciplinary charges based upon a false report premature under *Heck*).

[10] A review of the state-court records confirms that Ross's state application for writ of habeas corpus was dismissed on October 27, 2010, because his sentence had been discharged. *Ex parte Ross,* No. WR-74,831-01, Supplemental Record at cover.)

discharged his sentence and habeas relief is no longer available".[11] In such cases, an inmate must still show that his conviction or sentence has been invalidated, as explained in *Hassler v. Carson County*:

> Hassler contends that the district court's application of the *Heck* bar was improper because the 28 U.S.C. § 2254 remedy was unavailable to him, both because he has completed his prison sentence and because the limitations imposed by the Antiterrorism and Death Penalty Act ("AEDPA") prevent him from seeking habeas relief. . . . The *Heck* bar applies even to former prisoners for whom the 28 U.S.C. § 2254 remedy is no longer available, if the plaintiff has failed to establish that other "procedural vehicle[s]" are lacking. *See Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000). Hassler has not made such a showing. Because Hassler's sentence has not been overturned or otherwise invalidated, his claims were barred by *Heck*.[12]

Under this controlling authority, even though Ross has discharged his sentence, and relief under § 2254 may ultimately not be available to him, as he has not shown that he has had his conviction otherwise invalidated,[13] his claims are not cognizable under 42 U.S.C. § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[14]

Therefore, under the authority of 28 U.S.C. § 1915A(b)(1) and

---

[11]*McWilliams v. Texas,* No.5:09-CV-115, 2009 WL 4730447, at *1 (E.D. Tex. Dec. 7, 2009)(citing *Hassler v. Carson County*, 111 Fed. Appx. 728, 729, 2004 WL 2278505 (5th Cir. Oct. 6, 2004).

[12]*Hassler,* 111 Fed. Appx. at 729 (citing *Randell,* 227 F.3d at 301, *cert. den'd,* 532 U.S. 971 (2001)).

[13]*See generally Randell,* 227 F.3d at 301 (rejecting a former inmate's claims that since he could no longer seek habeas relief he did not have to show a favorable termination of his underlying conviction, because "the [Supreme] Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim 'is not cognizable under [section] 1983'")(citing *Heck,* 512 U.S. at 487.)

[14]*See Heck*, 512 U.S. at 487-88.

28 U.S.C. § 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[15]

SIGNED January 20, 2011.

*/s/ Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[15]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).